

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 9, 2015**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| CLEMENT CATTLE CO., LLC, § | CASE NO. 15-10072-RLJ-11 |
| § | |
| DEBTOR. § | |

### MEMORANDUM OPINION AND ORDER

David and Sharon Blackwood, as plaintiffs, filed a lawsuit in late February 2013 in the 350th District Court of Taylor County, Texas, styled as follows: *David Blackwood and Sharon Blackwood v. Kyle Clement, Valerie Ann Clement, Clement Cattle Co. LLC, Rimrock Land & Cattle Co., LLC, And D/B/A View Hay Co., And Angels Of Sacred Heart, A Texas General Partnership*, Cause No. 09742. As indicated from the style of the action, Clement Cattle Co., LLC, the debtor here, is one of the named defendants. Clement Cattle Co. filed its chapter 11 bankruptcy case before this Court on April 9, 2015. Section 362 of the Bankruptcy Code provides that, upon filing of a bankruptcy case, any pending suit against the debtor is stayed. 11 U.S.C. § 362(a). The Blackwoods seek relief from the stay to allow the state court action to

proceed against all defendants, particularly Clement Cattle Co. They submit that sufficient "cause" exists to warrant such relief. *See* 11 U.S.C. § 362(d). Clement Cattle Co., as debtor here and a defendant in the state court action, opposes such relief. Hearing on the Blackwoods' motion was held on July 6, 2015.[1]

## I.

By the state court suit, the Blackwoods are seeking actual damages of approximately $795,000, exemplary damages, and other forms of relief—including an affirmative injunction to allow their inspection of defendants' books and records, an accounting, and the imposition of a constructive trust. They also assert the defendants should be held jointly and severally liable under alter ego and veil piercing theories. As alleged, the factual basis for the suit stems from the fraudulent acts of Kyle and Valerie Ann Clement. The Clements are the majority owners of Clement Cattle Co. The Blackwoods submit that Clement Cattle Co. is a critical party to the state court action as complete relief cannot be accorded without it. Clement Cattle Co. responds that it intends to pay the Blackwoods in full from the sale or sales of ranch land that constitutes the principal asset of the bankruptcy estate; the Blackwoods' claim is, in effect, undisputed and thus the prosecution of the state court suit against Clement Cattle Co. is unnecessary.

The problem, however, is that the parties have a fundamental disagreement regarding the amount and nature of the Blackwoods' claims as alleged against Clement Cattle Co. Clement Cattle Co. construes the factual allegations to provide that the Blackwoods' possible claim against it is $240,000. As stated above, the Blackwoods assert multiple claims, one of which seeks joint and several liability against all defendants and, as such, is not limited to $240,000.

---

[1] The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

The Court advised the parties it would take judicial notice of the case file, particularly the schedules and statement of financial affairs filed by Clement Cattle Co.

**II.**

Clement Cattle Co. filed this bankruptcy case on April 9, 2015; the meeting of creditors under § 341 of the Bankruptcy Code was held on June 4, 2015.  The deadline for filing proofs of claim is September 2, 2015.  The Blackwoods have not filed a proof of claim, but counsel has advised the Court that they will file a claim before the deadline.  Of note, Clement Cattle Co. filed a prior bankruptcy case in February 2011 that was dismissed for arrears on August 7, 2012. *In re Clement Cattle Co., LLC*, Case No. 11-10066-12, Docket No. 35.

A review of the schedules confirms that this bankruptcy case represents a two-party dispute, the Clements (and presumably affiliated entities, including Clement Cattle Co.) on the one hand, and the Blackwoods on the other.  Clement Cattle Co.'s sole significant asset is 192 acres of ranch land in Taylor County with an asserted value of $672,000.  The only other listed assets are oil royalties of $10,000 and a "grass lease" valued at $3,840.  The schedules also identify a "[c]laim against David Blackwood for wrongful Lis Pendens and other damages" with an unknown value.  The only listed claim of consequence against Clement Cattle Co. is a $240,000 claim of David Blackwood that is described as a business loan.  This claim is not disputed.  The schedule of claims includes a few other unsecured claims totaling approximately $30,000, one of which is stated to arise from a "business loan" from Michael *Tinnin* in the amount of $25,000.  According to the statement of financial affairs, the owners of Clement Cattle Co. are as follows: Valerie Clement holding membership interests of 55%; Kyle Clement holding membership interests of 25%; Sorrel Ann *Tinnin* holding membership interests of 10%; and

Roan Clement holding membership interests of 10%. At the hearing on the motion here, counsel represented that the Clements and their three children are the owners of the debtor.

### III.

The success of this bankruptcy case turns on how the claims of the Blackwoods are ultimately resolved. The contention by Clement Cattle Co. that the dispute concerns only a $240,000 claim is, it appears, somewhat naïve. The stay imposed upon Clement Cattle Co.'s bankruptcy filing does not protect the other defendants. *See* 11 U.S.C. § 362(a). And any prejudice borne by Clement Cattle Co. or its other creditors in allowing the state court suit to proceed is minimal. The defendants Kyle and Valerie Ann Clement are the principal owners of Clement Cattle Co.; they are already each a party to the state court action. The state court suit is based exclusively on Texas state law. Clement Cattle Co. can certainly continue with its efforts to market and sell the ranch land as part of its bankruptcy proceeding. Clement Cattle Co. is not generating meaningful income. The statement of financial affairs reveals that its gross monthly income is $320 but its monthly expenses are $477.43. In short, Clement Cattle Co. must resolve the amount and nature of the Blackwoods' claims, some of which do not create a right to payment.

Counsel for the Blackwoods represented to the Court that trial could go forward in the 350th District Court of Taylor County without undue delay. Granting stay relief for purposes of going forward with trial against all defendants in state court is the most effective and efficient manner in which to resolve the major dispute in this bankruptcy case. The bankruptcy case is still in its early stages, however. As noted, the deadline for filing a proof of claim is still several weeks away and, obviously, so is any need or requirement to object to a proof of claim. If trial is delayed in state court and issues are properly joined here on the allowance or not of a proof of

claim filed by the Blackwoods, this Court will entertain a motion to reinstate the stay to accommodate timely trial before this Court.

It is, therefore,

ORDERED that the automatic stay as to the debtor, Clement Cattle Co., LLC, is hereby lifted to allow the state court action to proceed in Taylor County, Texas against Clement Cattle Co., LLC and all other defendants and for all purposes save for enforcement of any judgment obtained against Clement Cattle Co., LLC.

### End of Memorandum Opinion and Order ###