

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 9, 2017**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CLEMENT CATTLE CO., LLC, | § | CASE NO. 15-10072-RLJ-11 |
| | § | |
| DEBTOR. | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Harvey Morton, the trustee, and David and Sharon Blackwood, judgment creditors of the debtor (and others), have asked the Court to approve a settlement that they have reached. A group of creditors oppose the settlement, however. The disputes here—first, as between the trustee and the Blackwoods that is resolved by the proposed settlement; and, now, as between them and the parties that have objected to the settlement—concern the trustee's attempts to sell a 340-acre tract to Robert Soukup. The objecting parties are Kyle Clement, Valerie Clement,

Mike Tinnin, and Annie Tinnin.  The Clements are members of Clement Cattle Co., LLC, the debtor, and the Tinnins are asserted creditors of Clement Cattle Co., LLC.[1]

This bankruptcy case was filed as a chapter 11 case in April 2015.  In July 2015, the Blackwoods obtained stay relief for the purpose of prosecuting a lawsuit against the debtor in state court.  This resulted in their obtaining a judgment of $747,505.00, plus interest and attorneys' fees.  They have since filed a proof of claim in the bankruptcy case reflecting a total claim amount of $1,076,868.79; the proof states that it is a secured claim, secured by real estate.  It is important to note that the other defendants that are subject of the judgment include the Clements.  The judgment states as follows:

> The jury determined that the defendants Kyle Clement, Valerie Clement, Clement Cattle Co., LLC and Rimrock Land & Cattle Co., LLC owed a fiduciary duty to [the Blackwoods], breached that duty to [the Blackwoods] and stole property of [the Blackwoods]. The jury further determined that the defendants Kyle and Valerie Clements committed fraud against [the Blackwoods] and are responsible for the conduct of Rimrock Land & Cattle Co., LLC and Clement Cattle Company, LLC under the theory of alter ego as these entities were used by Kyle and Valerie Clement to perpetrate a fraud upon [the Blackwoods]. The jury determined that the conduct of the defendants caused direct damages to [the Blackwoods] in the amount of $747,505.00.

Trustee's Ex. 22.  The judgment further provides that liability is joint and several among the defendants and, further, awards prejudgment interest of $153,267.80 through November 18, 2015, and attorneys' fees and expenses of $171,898.00.  It provides for per diem interest after November 18, 2015 of $102.39 per day until the date of the judgment, attorneys' fees for trial as well as for appeals, and post-judgment interest.  The judgment is presently under appeal by the debtor, Clement Cattle Co., LLC, and the other defendants.

---

[1] The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (N).

The trustee's first attempt to sell the 340 acres was opposed by the Blackwoods. In doing so, they made a counter proposal. They proposed that they be allowed to make a credit bid to purchase the property, together with payment of a sufficient amount to payoff other creditors in the case. The trustee rejected this proposal as he questioned whether an unsecured creditor could acquire property via a credit bid. The trustee apparently withdrew his prior notice of sale and ultimately reached the current compromise that is before the Court.

The parties have stipulated that proper and adequate notice of the sale to Soukup has been provided and that the $580,000 sales price represents fair value of the property and that the terms of the sale were reached in an arms-length deal. The Blackwoods agree to withdraw their objections to the sale that had been raised in the trustee's prior-proposed sale to Soukup and, in return, the trustee agrees to dismiss the debtor's appeal of the state court judgment. The Blackwoods' claim of $1,076,868.79 will be allowed as an unsecured claim. Under the compromise, the Blackwoods are formally authorized, at their expense, to object to proofs of claim, though they must file such objections within fourteen days of the closing of the sale of the 340 acres. The trustee identified four claims to which objections may need to be filed: claims 3 and 9, both filed by Robert Mark Peavy and Kimberly W. Peavy, appear to be duplicate claims; claims 2 and 8, both filed by Michael Tinnin, one of the objecting parties here, likewise raise legitimate questions.

The Clements and Tinnins complain that the Blackwoods are the only parties that benefit from the compromise. They submit that the state court appeal can proceed on the estate's behalf without great expense, that the trustee has a right to sell the 340 acres without the settlement, and that the Blackwoods' counter proposal (the credit bid and payment) would have been a better deal.

3

The trustee, Mr. Morton, testified that dismissal of the appeal and allowance of the Blackwoods' claim will save the time and expense involved with continuing to litigate the issues on appeal. It will thus mostly resolve this bankruptcy case that has now been pending for over two years. The estate also avoids the costs of potential claims objections. The trustee has reviewed the jury charge and verdict of the state court action and is satisfied that the judgment obtained by the Blackwoods is well supported. By the motion seeking approval of the compromise, the trustee noted the potential use of the findings from the judgment to support the Blackwoods' claim of a constructive trust against the property. The compromise avoids this issue as well. The trustee is concerned that continuation of the appeal could result in further litigation beyond the pending appeal and thus even more costs and delays.

The trustee has adequately justified the compromise. *See In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349 (5th Cir. 1997). In reaching this conclusion, the Court discounts the arguments raised by the Clements and Tinnins. First, even assuming that the trustee can sell the property without the Blackwoods' agreement, there is no indication that the Blackwoods' claim would thereby go away as would have happened, apparently, under their counter proposal. The Blackwoods' claim is by far the largest claim in the case. As for the counter proposal that incorporates the credit bid, such proposal, simply stated, is not presently before the Court. And, more important, there is no reason to believe that the Blackwoods would agree to subordinate their claim if the property were sold over their objection. The Clements and Tinnins want the trustee to continue with the appeal. It is, however, acceptable for the trustee, within his discretion, to concede the question on appeal, given that the matter has been once fully litigated. The other defendants, including the Clements, are not prevented from prosecuting their appeals.

The trustee is afforded some deference.  Mr. Morton is experienced as a trustee; he has considered the pertinent factors and, in doing so, has reached an acceptable accord that best serves the interests of the creditors, the estate, and the Court.  He explained his reasons and rationale.  The compromise here should help bring this case to conclusion in a way that is compatible with the best interests of all parties in interest.  It is, therefore,

ORDERED that the compromise settlement agreement between the trustee and the Blackwoods is approved.

### End of Memorandum Opinion and Order ###